**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| FRANK GABALDON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2:10-cv-149-WTL-DML |
| ) | |
| S. LILLY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Rejecting Amended**
**Complaint and Directing Further Proceedings**

**I.**

Frank Gabaldon was formerly confined at a prison in this District and alleges in this action brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38(1971), that his treatment and the conditions of his confinement at that prison violated his federally secured rights. He seeks, among other things, more than 175 million dollars and release from his prison sentence. The operative pleading setting forth his claims is Gabaldon's amended complaint filed on August 24, 2010.

Although there may be aspects of Gabaldon's claims which are subject to dismissal pursuant to 28 U.S.C. § 1915A(b), an antecedent feature of the amended complaint must be addressed.

Rule 18(a) of the *Federal Rules of Civil Procedure* provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Gabaldon's 16-page amended complaint does not set forth any claim or claims that properly join all defendants. Specifically, Gabaldon's claims of public humiliation, failure to provide medical care, failure to respond to grievances, failure to transfer to another prison, failure to protect, failure to provide a clean environment, and a medley of tort and medical malpractice claims do not rest on the same transaction, occurrence, or series of transactions or occurrences and do not present a question of law or fact common to all defendants. In *George,* the Seventh Circuit instructed that such "buckshot complaints" be "rejected." 507 F.3d at 607. Therefore, Gabaldon's amended complaint is **rejected.**

## II.

Gabaldon shall have **through October, 1, 2010,** in which to file a **second amended complaint.** This document, if filed, shall not transgress the improper joinder principles explained and applied in Part I of this Entry. In addition, the second amended complaint shall conform to the following guidelines:

- The second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .";

- The second amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The second amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If a second amended complaint is filed as permitted above, the court will screen it as required by 28 U.S.C. § 1915A. If a second amended complaint is not filed as permitted in this Entry, the action will be dismissed in its entirety without further notice to the plaintiff.

**IT IS SO ORDERED.**

Date: 09/08/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

FRANK GABALDON
21413-051
TUCSON USP
Inmate Mail/Parcels
PO Box 24550
TUCSON, AZ 85734