```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA


FRANK GABALDON,                     )
                                    )
                 Plaintiff,         )
       v.                           )     2:10-cv-149-WTL-DML
                                    )
S. LILLY, et al.,                   )
                                    )
                 Defendants.        )
```

**Entry Dismissing Insufficient Claim
and Directing Further Proceedings**

Frank Gabaldon alleges while confined at the United States Penitentiary in Terre Haute, Indiana defendants S. Lilly, Lawrence Howard, Warden Marberry, and K. Beaver subjected him to cruel and unusual punishment in violation of the Eighth Amendment. In addition, Gabaldon alleges that defendants Parker, E. Rardin, and Lt. Taylor blocked him from utilizing administrative remedies at the USPTH. Claims of unconstitutional medical care provided by Z. Ndife and T. Webster were severed from the present action and docketed as No. 2:10-cv-281-JMS-TAB.

**I.**

Any claim in Gabaldon's second amended complaint which fails to state a claim upon which relief can granted must be dismissed pursuant to 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A claim is legally insufficient if it lacks facial plausibility, meaning that it lacks factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The claim that defendants Parker, E. Rardin, and Lt. Taylor blocked Gabaldon's attempts to utilize the grievance procedure at the USPTH is **dismissed** for failure to state a claim upon which relief may be granted. This theory has recently been described as Circuit law "specifically denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). As had been explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted). This principle is equally applicable to the claim of Gabaldon brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and based on the Fifth Amendment's guarantee of due process. *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987)(explaining that to maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute.").

No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**II.**

Under ordinary circumstances, the next step in this section would be for process to issue to defendants Lilly, Howard, and Marberry, and measures taken to serve that process on them. In this case, however, that step will not be taken without a further statement from the plaintiff that he intends to proceed with the case. The reason this additional step is warranted is that the civil action docketed as No. 2:10-cv-281-JMS-TAB was dismissed recently and the plaintiff's copy of that ruling was returned to the clerk undelivered. The plaintiff has not, however, informed court of a new address either in this case or in No. 2:10-cv-281-JMS-TAB.

Accordingly, the plaintiff shall have **through January 12 , 2011** , in which to report in writing that he wishes to proceed with claims not dismissed as legally insufficient in this action, aand to include in such reports any change in his address.

**IT IS SO ORDERED.**

Date: 12/14/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Frank Gabaldon
21413-051
Tucson - USP
Inmate Mail/Parcels
PO Box 24550
Tucson, AZ 85734